United States District Court

For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   IVAN GONZALEZ,                              No. C 11-2670 WHA (PR)

11              Petitioner,                      **ORDER TO SHOW CAUSE**

12      v.

13   JAMES A. YATES, Warden,

14              Respondent.

15                                          /

16                          **INTRODUCTION**

17        Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. 2254.  He has paid the filing fee.

19                          **STATEMENT**

20        In 2004, petitioner was convicted in Sonoma County Superior Court of committing of

21   murder.  The trial court sentenced him under California's "Three Strikes" laws to a term of 25-

22   years-to-life in state prison.  The California Court of Appeal affirmed the conviction and

23   sentence, and the California Supreme Court denied a petition for review.  Thereafter, petitioner

24   filed habeas petitions in all three levels of the California courts, and all of the petitions were

25   denied.  The instant federal habeas petition followed.

26                          **ANALYSIS**

27   **A.   STANDARD OF REVIEW**

28        A federal court may entertain a petition for writ of habeas corpus "in behalf of a person

**United States District Court**
For the Northern District of California

1   in custody pursuant to the judgment of a State court only on the ground that he is in custody in

2   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

3   *v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

4   requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

5   of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

6   court must "specify all the grounds for relief which are available to the petitioner ... and shall

7   set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

8   the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not

9   sufficient, for the petition is expected to state facts that point to a 'real possibility of

10  constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

11  688, 689 (1st Cir. 1970)).

12  **B.    LEGAL CLAIMS**

13       As grounds for federal habeas relief, petitioner claims: (1) he received ineffective

14  assistance of counsel; (2) petitioner's sentence violates his rights under the Double Jeopardy

15  Clause; and (3) there was insufficient evidence to support his conviction.

16       Petitioner's claims, when liberally construed, are cognizable.

**CONCLUSION**

18       1. The clerk shall mail a copy of this order and the petition with all attachments to the

19  respondent and the respondent's attorney, the Attorney General of the State of California. The

20  clerk shall also serve a copy of this order on the petitioner.

21       2. Respondent shall file with the court and serve on petitioner, within ninety days of the

22  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

23  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on

24  the claims found cognizable herein. Respondent shall file with the answer and serve on

25  petitioner a copy of all portions of the state trial record that have been transcribed previously

26  and that are relevant to a determination of the issues presented by the petition.

27       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

28  court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August ___31___, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\GONZALEZ2670.OSC.wpd

United States District Court

For the Northern District of California

3